IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Aurora Plastics Group, Inc., <br> 9280 Jefferson Street <br> Streetsboro, OH 44241 <br><br> Plaintiff, <br><br> -vs- <br><br> Better Life Technology, LLC <br> 9736 Legler Road <br> Lenexa, KS 66219 <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. <br><br> Judge <br><br> **COMPLAINT** |

## I. THE PARTIES

1. Plaintiff, Aurora Plastics Group, Inc., ("Aurora"), is a corporation licensed to do business in the State of Ohio whose principal place of business is at the above captioned address in Portage County, Ohio. Aurora is engaged in the business of providing advanced high quality polymers and technical support throughout the United States.

2. Defendant, Better Life Technology ("Better Life"), is a direct customer of Aurora to whom Aurora provided products subject to specific payment terms. Upon information and belief, Better Life is a limited liability company whose principal place of business is at the above captioned address.

## II. SUBJECT MATTER JURISDICTION

3. Subject matter jurisdiction is founded upon diversity of citizenship, pursuant to 28 U.S.C. §1332(a)(1), in that this is an action among citizens of different states, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs, and attorneys

{01803305-1}

fees. Further, jurisdiction is appropriate pursuant to Paragraph 7 of the Terms and Conditions Standard for Customer Invoice (the "Agreement") agreed to by the Parties regarding the sale of products by Aurora to Better Life (attached hereto in Exhibit "A").

### III. VENUE

4.  Pursuant to 28 U.S.C. §1392(a)(2), venue is proper in the Northern District of Ohio in that Better Life consented to venue in this District (see Exhibit A, paragraph 7 of each Invoice). In addition, a substantial part of the revenue and property and events that are the subject of this action are either located or occurred here.

### IV. FACTUAL BACKGROUND

5.  Aurora provided products (the "Products") to Better Life at agreed upon prices detailed on the Invoices attached hereto as Exhibit "A".

6.  Better Life accepted the Products and promised to pay the amounts reflected on each Invoice.

7.  Better Life's representatives communicated with Aurora when payment was not timely made and promised that payment would be made in the near future.

8.  From March 3, 2022 until September 19, 2022 Aurora relied upon Better Life's misrepresentations and continued to provide Products based on Better Life's promises to pay.

9.  Better Life has not paid for the Product it received that is detailed on the Invoices, dated between March of 2022 and September of 2022.

10. Pursuant to the Product delivered and the Invoices for same, Better Life owes Aurora the amount of $1,111,426.65 in compensatory damages, exclusive of any costs, fees, or expenses associated with this action.

11. Better Life ordered certain finished goods from Aurora and Aurora ordered the raw material and, in some instances, completed the finished goods relying on Better Life's ordering of them and promise to pay for same.

12. The finished goods and raw materials are unique to Better Life, and Aurora has no use for same nor any other customer who would buy same.

13. The cost to Aurora of the aforementioned finished goods and raw materials was $351,135.31.

## COUNT I

### (Breach of Contract)

14. Aurora incorporates by reference the allegations contained in Paragraph 1 through Paragraph 13 of the Complaint as if fully restated herein.

15. Better Life agreed to the terms of the Agreement with Aurora. (Exhibit "A")

16. Better Life accepted the Product from Aurora as reflected on the Invoices and, upon information and belief, marketed and delivered the Product to various Better Life customers.

17. Aurora has performed all of its obligations pursuant to the Agreement.

18. Better Life has violated the terms of the Agreement by failing to timely pay to Aurora the agreed upon sums for the Product delivered to Better Life.

19. As a result of Better Life's breaches of the Agreement, Aurora has been damaged in an amount to be proven at trial, but not less than $1,111,406.65.

## COUNT II

### (Action on Account)

20. Aurora incorporates by reference the allegations contained in Paragraph 1 through Paragraph 19 of the Complaint as if fully restated herein.

21. Aurora provided Product detailed Invoices (Exhibit "A") and said Invoices accurately reflect the amounts Better Life was to pay for the Product it received.

22. To date, Better Life has not paid any of the amounts reflected on said Invoices and owes Aurora said amounts.

23. As a result of Better Life's failure to pay Aurora for the amounts owed on its account, Aurora has been damaged in the amount of $1,111,426.65.

## COUNT III

### (Breach of Oral Contract)

24. Aurora incorporates by reference the allegations contained in Paragraph 1 through Paragraph 23 of the Complaint as if fully restated herein.

25. Better Life ordered goods from Aurora and, in reliance on Better Life's promise to pay, Aurora ordered raw materials and, in some instances, completed the finished goods.

26. Aurora expended $351,135.31 in purchasing the raw materials and/or completing the finished goods.

27. Better Life promised to accept the finished goods and pay for same, but has breached this promise damaging Aurora in the amount of $351,135.31.

## COUNT IV

### (Promissory Estoppal)

28. Aurora incorporates by reference the allegations contained in Paragraph 1 through Paragraph 27 of the Complaint as if fully restated herein.

29. Better Life ordered finished goods from Aurora and promised Aurora that it would pay for the finished goods.

30. Aurora detrimentally relied upon Better Life's request for finished goods and promise to pay for same when it ordered and paid for raw materials and expended time and money in creating the finished goods.

31. As a result of Better Life's failure to abide by its promise to Aurora to accept and pay for the finished goods, Aurora has been damaged in the amount of $351,135.31.

## COUNT V

### (Fraud)

32. Aurora incorporates by reference the allegations contained in Paragraph 1 through Paragraph 31 of the Complaint as if fully restated herein.

33. Representatives of Better Life represented to Aurora that, if it continued providing Product to Better Life, payment would be forthcoming.

34. Upon information and belief, Better Life and its agents knew that Better Life was not in a financial position to pay for the Product when those representations were made.

35. Specifically, between March of 2022 and September of 2022, Better Life's Chief Financial Officer, Kimra Bahr, made numerous statements to Aurora that, even though Better Life was in arrears, payment would be forthcoming, and Aurora could safely continue to provide Product and order raw materials to create the finished goods requested by Better Life.

36. Better Life and its agents intentionally made false and material misrepresentations to induce Aurora to continue to provide Product knowing that Better Life's financial position would not allow for it to make the promised payments to Aurora.

37. Upon information and belief, Better Life's misrepresentations were made recklessly and/or maliciously with the attempt to obtain a benefit from Aurora knowing that Better Life was not able to make the promised payments.

38. As a result of Better Life's misrepresentations, Aurora has been damaged in an amount to be proven at trial including, but not limited to, actual damages, punitive damages, attorneys fees, costs, and expenses.

**WHEREFORE**, Plaintiff, Aurora Plastics Group, Inc., prays as follows:

(a) A finding by the Court that Better Life has breached its obligations under the Agreement, the oral contract, and under its Account with Aurora and issue an award of damages for said breach in the amount of $1,462,561.96, along with costs and attorneys' fees as the Court deems appropriate;

(b) A finding by the Court in favor of Aurora on its claim for promissory estoppel and an award of damages in the amount of $351,135.31;

(c) A finding that Better Life's misrepresentations to Aurora were intentional and maliciously communicated to induce Aurora to continue to provide Product and to order raw materials to create additional Product when Better Life was not able to pay for said Product. As such, Aurora should receive an award of punitive damages, reasonable attorney fees, costs and expenses to be determined at trial; and,

(d) Any and all further relief that this Court deems appropriate.

Respectfully submitted,

McCARTHY, LEBIT, CRYSTAL      *s/Robert T. Glickman*
 & LIFFMAN CO., L.P.A.     ROBERT T. GLICKMAN (0059579)
    1111 Superior Ave. East, Suite 2700
    Cleveland, OH  44114
    (216) 696-1422 *phone /* (216) 696-1210 *facsimile*
    rtg@mccarthylebit.com

    Attorneys for Plaintiff

{01803305-1}

6